UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

L T TUCKER #132271,   Case No. 2:19-cv-00175

    Plaintiff,   Hon. Paul L. Maloney
v.   U.S. District Judge

D. CONNOR, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This is a civil rights action brought by state prisoner L.T. Tucker pursuant to 42 U.S.C. § 1983. Tucker filed his complaint on September 4, 2019. After conducting an initial review of the complaint, the Court granted Tucker *in forma pauperis* status to proceed under 28 U.S.C. § 1915(a). (ECF No. 5.) The Court recognizes that Tucker is subject to the three strikes rule and may only proceed *in forma pauperis* if his complaint alleges imminent danger of serious physical injury. The Court explained:

> Plaintiff has been an active litigant in the federal courts. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. Under 28 U.S.C. § 1915(g), Plaintiff may only proceed *in forma pauperis* if he is under imminent danger of serious physical injury. The Court concludes that Plaintiff has adequately alleged imminent danger; therefore, the Court grants his motion to proceed *in forma pauperis*.

(*Id.*, PageID.76.)

Defendant moves for an order to revoke Tucker's *in forma pauperis* status. (ECF No. 21). Defendant argues that Tucker's complaint alleging imminent danger

of serious physical injury is conclusory and unsupported. (*Id.*, PageID.109.) Defendants cite to *Tucker v. Corizon Health Care*, 2019 WL 2713289 (6th Cir. April 22, 2019) where the Court affirmed the denial of *in forma pauperis* status because Tucker's allegations "were conclusory, unsupported, and contradicted by the exhibits attached to his complaint." *Id*. at *2. Defendants argue that the Court should look to their motion for summary judgment and the exhibits attached to their brief, which establish that Tucker refused to take his medication and his medication was not withheld from him as alleged in his complaint.

In the opinion of the undersigned, Tucker alleged imminent danger of serious physical injury in his complaint and has satisfied the exception to the three strikes rule. Whether Defendants can establish that they are entitled to judgment because no genuine issue of fact exists to support Tucker's claim, is a different issue which is not before the Court in a motion to revoke *in forma pauperis* status. Therefore, it is respectfully recommended that the Court deny Defendants' motion to revoke Tucker's *in forma pauperis* status.

**II. Analysis**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286

2

(6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-

3

06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

In *Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580 (6th Cir. 2013), the Sixth Circuit set forth the following general requirements for a claim of imminent danger: In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).

> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492

4

> ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Id.* at 585. A prisoner's claim of imminent danger is subject to the same notice pleading requirement that applies to prisoner complaints. *Id.* Consequently, a prisoner must allege facts in the complaint from which the court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

It is undisputed that Tucker has had at least three prior civil suits dismissed on the ground of frivolousness or failure to state a claim upon which relief may be granted. *See Tucker v. Corizon Health Care*, 2019 WL 2713289 (6th Cir. April 22, 2019); *Tucker v. Harrington*, No. 1:18-cv-181, 2018 WL 1150024 (W.D. Mich. Mar. 5, 2018); *Tucker v. Findlay*, No. 1:18-cv-180, 2018 WL 1101036 (W.D. Mich. Mar. 1, 2018). In this case, Defendants argue that Tucker failed to allege that he was in imminent danger of serious physical injury at the time the complaint was filed. Tucker alleged in his complaint that Defendant Connor refused to give him his diabetes medication. In addition, Tucker alleges that Defendant Kautz threatened to "break your fingers so you can't write us up, you better stop we beat your ass." (ECF No. 1, PageID.8.) Defendant Mankee allegedly made a similar statement: "you better not tell staff you are going to file grievances on them because next time we pull you out that cell and beat your ass and send you to the hospital." (*Id.*, PageID.9.) Defendant Mankee allegedly made more statements threatening Tucker with harm on July 18, 2019. (*Id.*) Tucker says that Defendant Connor refused to provide him

5

medication on July 19, 2019, and told him that if he continued to file grievances she would take his prescribed medications. (*Id.*) Tucker says that he takes medication for diabetes, neuropathy, high blood pressure, glaucoma, acid reflux, and hepatitis-C. Any refusal to provide Tucker with these medications could arguably cause him imminent danger.

The Court's determination regarding whether Tucker has met the imminent danger exception to the three strikes rule is based on the allegations in his complaint and accompanying exhibits. The fact that Defendants later are able to support a motion for summary judgment by presenting evidence that they did not deny medication or threaten Tucker with physical harm, is a different issue than whether Tucker alleged imminent danger of serious harm in his complaint. In the opinion of the undersigned, Tucker has alleged facts which could show that he was under imminent danger of serious physical injury at the time he filed his complaint.

### III. Recommendation

Therefore, it is recommended that the Court deny Defendants' motion to revoke Tucker's *in forma pauperis* status (ECF No. 20).

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   February 4, 2020                    /s/ *Maarten Vermaat*
                                            MAARTEN VERMAAT
                                            U.S. MAGISTRATE JUDGE