UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

L. T. TUCKER, #132271,                    )
                          Plaintiff,      )
                                          )        No. 2:19-cv-175
-v-                                       )
                                          )        Honorable Paul L. Maloney
D. CONNOR, *et al.*,                      )
                          Defendants.     )
_____   )

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on a Report and Recommendation issued by the Magistrate Judge.  Defendants filed a motion for summary judgment asserting the failure to exhaust administrative remedies.  (ECF No. 24.)  Plaintiff then filed a motion for leave to amend his complaint.  (ECF No. 55.)  The Magistrate Judge recommends denying Plaintiff's motion and granting in part Defendants' motion.  Plaintiff objects.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

1.  Motion to Amend.  This motion and the Magistrate Judge's recommendations involve a question of interpretation and a question of timing.  Both questions require the

Court to determine what claims are pled in the initial complaint. Both parties agree Plaintiff's complaint includes a claim for retaliation based on a misconduct report. Defendants argue that Plaintiff presents others claims in the complaint as well and did not exhaust any claims prior to filing this lawsuit. Plaintiff insists that he pled only one claim in the initial complaint. He then exhausted other claims and seeks to add them to this lawsuit.

Plaintiff seeks leave to add an Eighth Amendment claim. The Magistrate Judge recommends denying Plaintiff's motion. The Magistrate Judge reaches two factual conclusions. First, Plaintiff was aware of and pled facts to support and Eighth Amendment claim in the original complaint. Second, the other additions to the proposed amended complaint raise state law issues that are not fully developed or explained. The Magistrate Judge finds that granting leave to amend would frustrate the demands of the Prison Litigation Reform Act that prisoners exhaust claims before filing a complaint. Plaintiff objects.

Plaintiff's objection is overruled. The Court concludes that Plaintiff pled sufficient facts that would put Defendants on notice of an Eighth Amendment claim. Plaintiff's omission of the phrase "Eighth Amendment" from the portion of his complaint where he identifies the "cause of action" does not persuade the Court otherwise. The labels and titles used in the complaint are not controlling.

2. Exhaustion

A. Grievance 19-07-1017 and Grievance 19-017-1060. Plaintiff mailed the complaint for this lawsuit on August 30, 2019 (ECF No. 1 PageID.16), and it was received by the Clerk and docketed on September 4, 2019. For these two grievances, the parties dispute whether Plaintiff timely filed Step III. The Court concludes the timeliness of both

Step IIIs does not make a difference because, without dispute, Plaintiff did not mail Step III for either grievance until after he filed this lawsuit. For Grievance 19-07-1017, Plaintiff submitted his Trust Account Statement showing that he had two disbursements from his account for postage between September 3 and September 22 - one on September 9 and one on September 10. (ECF No. 70-5 PageID.538.) Both dates occurred after Plaintiff mailed the complaint for this lawsuit. And, for Grievance 19-07-1060, Plaintiff mailed his Step III even later. Accordingly, the Magistrate Judge correctly concluded that the two grievances were not exhausted when he filed this complaint and Plaintiff's objections are overruled.

B. Grievance 19-07-0975. For this grievance, Plaintiff received the MDOC's Step II response on August 27, 2019. (ECF No. 25-3 PageID.214.) Even if Plaintiff mailed Step III the next day, he still had to wait for MDOC to respond (or wait for the time to respond had expired) before this grievance could be exhausted. Again, Plaintiff mailed his complaint on August 30, before this grievance was administrative exhausted. Any claim arising from this grievance was not exhausted before the complaint was filed.

C. Defendants Mankee and Kause. The Magistrate Judge concludes that Plaintiff did not exhaust administrative remedies against these two defendants because Plaintiff did not name them in any grievance. Plaintiff objects. Plaintiff insists these two defendants encouraged Connor to file the misconduct report. Plaintiff contends that his retaliation claim against these two defendants is not different that his retaliation claim against Connor, which is based on the misconduct report.

Plaintiff's objection is overruled.  Neither Mankee nor Kause filed the misconduct report and, therefore, Plaintiff's retaliation claim against them is distinguishable.  Plaintiff did not exhaust any claim against these two defendants.

For these reasons, the Report and Recommendation (ECF No. 96) is **ADOPTED** as the Opinion of this Court.  Plaintiff's motion to amend his complaint (ECF No. 55) is **DENIED.**  Defendants' motion for summary judgment based on exhaustion of administrative remedies (ECF No. 24) is **GRANTED IN PART and DENIED IN PART.**

**IT IS SO ORDERED.**

Date:  September 23, 2020                                   /s/ Paul L. Maloney
                                                            Paul L. Maloney
                                                            United States District Judge