UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

L. T. TUCKER #132271,　　　　　　　　　　　Case No. 2:19-cv-175

　　　　Plaintiff,　　　　　　　　　　　　　　Hon. Hala Y. Jarbou
　　　　　　　　　　　　　　　　　　　　　　　U.S. District Judge
　　v.

D. CONNOR, et al.,

　　　　Defendants.
　　　　　　　　　　　　　　　　　　／

## REPORT AND RECOMMENDATION

**I.　Introduction**

　　This Report and Recommendation (R&R) addresses Plaintiff state prisoner L.T. Tucker's motion for summary judgment (ECF No. 123) and Defendant Registered Nurse (RN) Connor's motion for summary judgment (ECF No. 126).

　　Tucker filed his unverified complaint pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  On September 23, 2020, the Court entered an order dismissing Defendants Mankee and Kautz due to Tucker's failure to exhaust his administrative remedies. (ECF No. 106.)  The remaining claim is for retaliation against RN Connor for issuing a July 10, 2019, misconduct ticket for insolence after Tucker threatened to file a grievance.  The grievance relates to Tucker's claim that Connor failed to provide with one dose of Gabapentin.

　　Tucker moves for summary judgment against RN Connor asking the Court to set his matter for further proceedings such as trial.  (ECF No. 124, PageID.862.) Defendant RN Connor moves for summary judgment asking the Court to dismiss this

case because Tucker was not engaged in protected conduct when he threatened to file a grievance against her and because she would have issued the insolence misconduct ticket against Tucker even if he did not threaten to file a grievance. (ECF No. 126.) Alternatively, RN Connor moves for dismissal base upon qualified immunity. (*Id*.)

It is the opinion of the undersigned that Tucker did not engage in protected conduct at the time he threatened to file a grievance against RN Connor because his threat to file a grievance was frivolous. Tucker threatened to file a grievance because he claimed that he did not receive a single dose of Gabapentin. But Tucker has not presented any evidence indicating that missing a single dose would be harmful to him. The evidence before the Court shows that Tucker was supposed to receive three doses per day. Tucker has not explained how missing a dose could adversely impact him. With respect to the allegedly missed does, RN Connor attests that she dissolved the dose in water. Other witnesses confirm this. Although there remains a thin issue of material fact in this case – whether Connor gave Tucker a dose of Gabapentin – the undersigned concludes that the evidence is so one-sided that the issue does not constitute a genuine issue of material fact. Thus, it is respectfully recommended that the Court grant Defendant Connor's motion for summary judgment and deny Plaintiff Tucker's motion for summary judgment.

## II. Factual Allegations

Tucker explains that he takes the prescribed medicine Neurontin (Gabapentin) for diabetic peripheral neuropathy. (ECF No. 1, PageID.3.) Tucker alleges that, on July 10, 2019, RN Connor gave him a cup of water instead of giving him a cup with

his medicine in pill form. Tucker says the cup contained only water and RN Connor refused to provide him with his medication. RN Connor says she dissolved the medicine in the water before giving the cup to Tucker, and there was clearly visible medicine residue in the cup.

Tucker says that, after he threatened to file a grievance against Connor, she told him she would write him up for arguing before he could grieve her. (*Id.*, PageID.4.) The misconduct Report for insolence states:

<!-- Misconduct Report form (MDOC CSJ-228), handwritten. Prisoner Tucker #132271, MBP, lock 6631, violation date 7/10/19, time 2145, Class II, Charge: Insolence. Narrative (as best read): "Prisoner Tucker 132271 stated I gave him straight water during med pass. I called Officer Hanke over to verify residue in the cup. Prisoner declared I gave him straight water + was going to write me up. I believe this was in retaliation toward me. Prisoner was identified by master count board. Cell C 6631." Reporting staff: D. Connor. Date/Time Written: 7/10/19, 2110. -->

(ECF No. 124-2, PageID.870.) After a June 16, 2019, hearing on the misconduct charge, Tucker was found not guilty of the charge of insolence. (ECF No. 1-3, PageID.25.) The hearing officer dismissed the charge stating:

3

**HEARING REPORT (Do Not Complete If Hearing Waived)**

Evidence and/or prisoner statement in addition to misconduct report: Prisoner attended the hearing and plead not guilty. Prisoner stated he did say he was going to write up the reporting staff member as he felt he was giving water and not his medication.

Reasons for findings: The charge of insolence is dismissed, a prisoner can write a grievance on a staff members when they believe that there was an injustice. This is part of the grievance process. I did not find in the report that the reporting staff member described how the prisoners statement was meant to harass or degrade the employee.

(ECF No. 124-3, PageID.871.)

Tucker filed a grievance on July 12, 2019, stating in part:

> EXPLAIN TO THIS NURSE CONNOR THAT THERE IS ONLY WATER IN THE CUP SHE WAS LOUD AND ARGUMENTATIVE AND WALK AWAY. WHEN SHE CAME BACK DOWN THE UNIT FLOOR, I STOP HER AND TRY TO EXPLAIN TO HER FOR THE SECOND TIME SHE GAVE ME WATER, SHE BECAME SO ARGUMENTATIVE TO THE POINT I TOLD HER I WAS GOING TO WRITE A GRIEVANCE ON HER SHE GOT SO MAD. IN A CLEAR AND LOUD VOICE STATED I WRITE YOU UP FIRST FOR COMPLAINT SO MUCH I HEARD ALL ABOUT YOUR GRIEVANCES WRITING AGAINST STAFF. THE ISSUE IS THAT SHE TOOK RETALIATORY ACTIONS AND DIDN'T GIVE ME MY NIGHT MEDICATION. HER ACTIONS IS A VIOLATION OF MY RIGHT NOT TO BE SUBJECT TO RETALIATION FOR FILING A GRIEVANCE FIVE OR SIX PRISONERS HEARD EVERYTHING

(ECF No. 124-6, PageID.879.)   The grievance was denied:

4

> **COMPLAINT SUMMARY:**
> Grievant states that on 7/10/19, Nurse Connor did not give him his night dose of Neurontin. States "there was only water in the cup", and Nurse Connor became "loud and argumentative and walk away" when he tried to tell her. Grievant also states that her actions were retaliatory in nature due to previous grievances he has filed.
>
> **INVESTIGATION SUMMARY:**
> Grievant's Medication Administration Record was reviewed. On 7/10/19, his night time dose of Neurontin is documented as given. Nurse Connor was interviewed and denies allegations of not giving Grievant his medication. She stated that his Neurontin was crushed prior to being put in the water, and that the residue from the pill was clearly visible in the cup. This was also witnessed by Sergeant Kautz and C/O Mankee, who visualized the residue in the cup and wrote a witness statement.
>
> In addition, Grievant had an appointment on 7/9/19 with the medical provider. Per documentation from that visit, he was given the option to have his Neurontin changed from a pill that is crushed prior to being dissolved to a capsule that could be opened and put in water to dissolve. Grievant declined this change.

(ECF No. 124-6, PageID.880.) The grievance was denied at Step II and Step III. (*Id.*, PageID.881-883.)

### III. Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475

5

U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

## IV. Retaliation

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id*.

After a prisoner establishes the first two elements, the prisoner must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The Sixth Circuit has also employed a burden-shifting approach with respect to the causation element:

> Once the plaintiff has met his burden of establishing that his protected conduct was a motivating factor behind any harm, the burden of production shifts to the defendant. If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment.

*Thaddeus-X,* 175 F.3d at 399.

RN Connor first argues that Tucker could not have engaged in protected conduct when he threatened her with a grievance for refusing to give him his medication because the complaint was frivolous. RN Connor attests that she passed out medication in Tucker's prison unit on July 10, 2019, to all inmates that needed medication. (ECF No. 127-3, PageID.982 (RN Connor's affidavit).) RN Connor prepared all the prisoners' medication in the medication room by dispensing the medication inside cups with each prisoner's name, prison number, medication name, and dose written on the cup. Some medications, such as Tucker's, were dissolved in water by order. (*Id.*) RN Connor says that she crushed the pill and dissolved it in water and then gave it to him in a cup. (*Id.*) After RN Connor delivered Tucker his medication, he accused RN Connor of only giving him water. (*Id.*) RN Connor says that Tucker's claim that he did not receive his medication was false. RN Connor attached a copy of the Tucker's medication administration record for the month of July showing that his Gabapentin medication was to be crushed and dissolved in water:



(ECF No. 127-4.) This medication administration record reflects that Tucker received his Gabapentin, the administration of which is shown in the second row,

7

each day during the month of July in 2019, including three doses of his medication on July 10, 2019. (*Id.*)

RN Connor states that there was obvious residue in the cup and that Corrections Officer (CO) Donald Mankee and Sergeant Nicole Kautz both confirmed that residue remained in the cup. (ECF No. 127-3, PageID.983 (RN Connor's affidavit).) CO Mankee's affidavit states:

> 8. Despite the clear residue in the cup, Tucker continued to insist that Connor had not given him his medication.
>
> 9. My impression was that Tucker was trying to intimidate and harass Connor, because he continued to insist that she had not given him his medication when it was clear that she had.

(ECF No. 127-5, PageID.989 (Affidavit of Donald Mankee).)

Tucker threatened to file a grievance accusing RN Connor of not giving him his medication. (ECF No. 127-3, PageID.983 (Affidavit of RN Connor).) The right to file grievances is protected only insofar as the grievances are not "frivolous." *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). "Abusive or manipulative use of a grievance system would not be protected conduct," *King v. Zamiara*, 680 F.3d 686, 699 (6th Cir. 2012), and an "inmate cannot immunize himself from adverse administrative action by prison officials merely by filing a grievance or a lawsuit and then claiming that everything that happens to him is retaliatory," *Spies v. Voinovich*, 48 F. App'x 520, 525 (6th Cir. 2002). As the Supreme Court held in *Lewis v. Casey*, "[d]epriving someone of a frivolous claim . . . deprives him of nothing

8

at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions.").

RN Connor explained she knew she gave Tucker his medication and that any grievance he filed was without merit:

> 13. Despite the fact that there was obvious residue in the cup, Tucker continued to insist that I did not give him his medication.
>
> 14. Tucker would not stop accusing me of not giving him his medication and told me that he was going to file a grievance against me.
>
> 15. I knew that any grievance that Tucker filed would have no merit, because I could prove with witnesses that there was residue of the medication in the cup, and I knew I had provided Tucker with his medication as prescribed.
>
> 16. Tucker's insistence that I did not give him his medication felt to me like an attempt by Tucker to harass me and intimidate me into either giving him more medication or giving him his medication in pill form.

(ECF No. 127-3, PageID.983 (Affidavit of RN Connor).)

In the opinion of the undersigned, Connor's motion for summary judgment should be granted for two reasons. First, Tucker's unverified complaint fails to explain how missing one dose of Gabapentin medication could create a grievable issue. Where a grievance involves conduct that has no negative impact on the plaintiff, then the grievance may be frivolous. *See Thaddeus-X v. Love*, 215 F.3d 1327, *3 (6th Cir. 2000) (noting that "threat to file a grievance against the defendant because he was eating food at the prison guard desk is patently frivolous as the defendant's conduct had no adverse impact on [plaintiff]").

Assuming that Tucker's claim is true, he has failed to explain how missing one dose of his medication was significant or harmful.[1] The medication administration record shown above indicates that Tucker was receiving three doses per day. In the opinion of the undersigned, Tucker has completely failed to show how his threat to file a grievance for allegedly missing one dose of Gabapentin was protected conduct. A failure to show that the denial of pain medication (Tylenol) on 12 occasions amounted to more than a de minimis injury was insufficient to rebut Defendants' summary judgment motion on the retaliation claim. *Sarah v. Thompson*, 109 Fed. Appx. 770, *2 (6th Cir. 2004) (dismissing the case for failure to show adverse action). In this case, Tucker has failed to allege harm resulted from missing *one dose of Gabapentin* and his unverified complaint fails to allege any resulting harm. Also, Tucker has not presented medical records showing that any harm occurred by missing one dose of Gabapentin. In the opinion of the undersigned, a grievance asserting only one instance of a missing dose would be frivolous without some proof that the missed dose was harmful. Thus, Tucker's grievance complained about not rise to protected conduct under these facts.

Beyond the fact that Tucker has completely failed to show any harm resulting from missing one dose of Gabapentin, the medication administration record and affidavits submitted by Connors and Mankee establish that Tucker received his

---

[1] According to the Mayo Clinic, if one dose of Gabepentin medication is missed, it is recommended that the dose be taken as soon as possible, unless it is almost time for the next dose, then the missed dose should not be taken, and the regular dosage schedule should resume. https://www.mayoclinic.org/drugs-supplements/gabapentin-oral-route/ proper-use/drg-20064011 (last visited Nov. 1, 2021).

medication and did not miss a dose. While there exists a thin issue of fact solely based upon Tucker's assertion that his medication was not delivered to him in pill form, and he was unable to see the dissolved medication in the cup of water, the evidence presented in this case is so one-sided that there exists no genuine issue of material fact to present to a jury.

The undersigned views the dispute as so one-sided that one party, the defense, should prevail as a matter of law. As noted above, the standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co.*, 421 F.3d at 436. In this case, it was RN Connor's job to prepare and distribute medications to the prisoners. She attests that she did so. Further, she says that she showed Tucker the residue from the dissolved pill after he complained. (ECF No. 127-3, PageID.983.) CO Mankee also observed the residue. (ECF No. 127-5, PageID.989.) The evidence shows that Tucker received his medication and suffered no harm. Tucker has not established otherwise by presenting any evidence through a verified complaint or affidavit that could show any resulting harm.

The record establishes that Tucker's threat to file a grievance was frivolous. A threat to file a frivolous grievance cannot qualify as protected conduct necessary to support a retaliation cause of action. *Herron*, 203 F.3d at 415.[2]

---

[2] Defendant Connor moves for summary judgment by arguing that she would have issued the misconduct ticket for insolence even if Tucker did not threaten to file a grievance against her and, alternatively, she moves for qualified immunity. It is

## V. Recommendation

It is respectfully recommended that the Court DENY Plaintiff Tucker's motion for summary judgment and GRANT Defendant Connor's motion for summary judgment.

If the Court accepts this recommendation, this case will be dismissed.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: November 2, 2021      /s/ *Maarten Vermaat*
                              MAARTEN VERMAAT
                              U.S. MAGISTRATE JUDGE

---

the opinion of the undersigned that a question of material fact exists on these issues. It is unclear based upon the misconduct ticket issued that Tucker's conduct could be charged as insolence without the threat to file a grievance. RN Connor attests that Tucker was trying to harass and intimidate her by threatening to file a grievance so that she would give him more medication or medication in a pill form. (Affidavit of RN Connor, ECF No. 127-3, PageID.983.) RN Connor has not set forth other facts that could justify her charge of insolence absent the threat to file a grievance.