ORIGINAL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

L.T. TUCKER, #132271
    PLAINTIFF,

V.

D. CONNOR,
    DEFENDANT.

CASE NO. 2:19-CV-175
HON. HALA Y. JARBOU
MAG. MAARTEN VERMAAT

FILED - MQ
November 17, 2021 12:25 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mlc  SCANNED BY: /s/ 11/17/21

PLAINTIFF OBJECTIONS TO THE REPORT AND RECOMMENDATION WITH EXHIBITS

NOW COMES PLAINTIFF L.T. TUCKER JR, PRO-SE AND PURSUANT TO TITLE 28 U.S.C. § 636(b)(1)(C); FED.R.CIV.P. 72(b) AND W.D. MICH L CIVR 72.3(b), AND FILE THESE TIMELY OBJECTIONS.

PURSUANT TO FED.R.CIV.P. 10(C) PLAINTIFF ALSO JOINS, ADOPTS AND INCORPORATE BY REFERENCE PLAINTIFF PRO-SE COMPLAINT (ECF NO. 1); WITH EXHIBITS. PLAINTIFF MOTION FOR SUMMARY JUDGMENT WITH EXHIBITS AND AFFIDAVITS. (ECF NO. 123), THE COURT (ECF NO. 96 - REPORT AND RECOMMENDATION DATED JULY 24, 2020). DEFENDANT MOTION FOR SUMMARY JUDGMENT AND (ECF. 126-127) AND DEFENDANT RESPONSE TO PLAINTIFF MOTION FOR SUMMARY JUDGMENT, (ECF. NO. 128) AND PLAINTIFF EXHIBITS AND AFFIDAVITS ATTACH TO PLAINTIFF MOTION FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANT MOTION FOR SUMMARY JUDGMENT. (ECF NO. 129), AND PLAINTIFF REQUEST TO SUPPLEMENT THE RECORD.

OBJECTIONS NUMBER ONE TO THE R&R:

1

Plaintiff Tucker has [illegible] the R+R, failure to construe Plaintiff Tucker, pleading liberally, and held to less stringent standards than formal paper drafted by a lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Further the R+R, failure to construe Plaintiff Tucker, pro se complaint (ECF No. 1), affidavits, exhibits, defendant D. Connor, responses to admissions, interrogatories, and other "admissible-evidence" in support of Plaintiff Tucker retaliation claim. See (ECF No. 123).

The R+R "erroneously" overlook its previous finding of facts when the court already found that the threat to write a grievance on defendant D. Connor was protected conduct as a matter of law. See R+R of July 24, 2020, page. 17-18.

The court overlook the most controlling and appropriate authority Maben v. Thelen, 887 F.3d 252 (6th Cir. 2018). Make it clear that Plaintiff Tucker threats to file a grievance was never treated as being "frivolous" under defendant D. Connor own policy directive PD. 03.02.130. See Exhibit-A-E.

At no time at step I, II, III, was Plaintiff Tucker grievance rule to be frivolous when Plaintiff Tucker was only doing what was required of him pursuant to defendant D. Connor own policy directive PD. 03.02.130. Q. See Exhibit-A, herein.

2

On May 19, 2019, Plaintiff Tucker was engaged in protected conduct as a matter of law. See Exhibit-F. Violett V. Reynolds, 76 F. App'x 24, 27 (6th Cir. 2003). ("Filing grievances through the inmate grievance mechanism is protected conduct.").

The RTR analysis adopted an "Checkmate doctrine". Provides that when a defendant claim a prisoner grievance is "frivolous" outside of the grievance procedure, essentially checkmates the retaliation claim. First off defendant O. Connor. NEVER. argues in response to Plaintiff Tucker grievance that the grievance was "frivolous" See Exhibit F. For the RTR, to allow defendant O. Connor. to argue for the first time that the grievance is "frivolous" and essentially checkmates the plaintiff Tucker retaliation claim of retaliation. Would be admitting a "Checkmate Doctrine". See Exhibit-F.

"Analogue" to an exhaustion question. Where a prisoner affidavit that raised the issue of retaliation at a misconduct hearing because that was Plaintiff Tucker only way of "challenging" the issue of retaliation. See hearing report of July 16, 2019. As Exhibits-B-D. As well as the defense of retaliation that was raise in the Plaintiff Tucker "Declaration" See Exhibits-A-D.

3

OBJECTION NUMBER 2 TO THE R+R.

THE R+R FAILED, HOWEVER TO CONSIDER WHETHER TUCKER AFFIDAVITS WHICH WAS FILED IN SUPPORT OF HIS COMPLAINT WAS PROPERLY VERIFIED. PLAINTIFF TUCKER AFFIDAVITS WERE NOT NOTARIZED BUT WAS SIGNED AND DATED UNDER THE FOLLOWING STATEMENTS "I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT." A STATUTORY EXCEPTION TO THIS RULE EXISTS WHICH PERMITS AN UNSWORN DECLARATION TO SUBSTITUTE FOR A CONVENTIONAL AFFIDAVIT IF THE STATEMENT CONTAINED IN THE DECLARATION IS MADE UNDER PENALTY OF PERJURY. CERTIFIED AS TRUE AND CORRECT, DATED, AND SIGNED. Pollock v. Pollock, 154 F.3d 601, 611 N.2c (6TH Cir. 1998) (CITATION OMITTED) (CITING 28 U.S.C. § 1746). THE DISTRICT COURT THEREFORE ERRED IN FAILING TO CONSIDER TUCKER AFFIDAVIT AS WELL AS HIS WITNESS AFFIDAVITS IN RESPONSE TO D. CONNOR MOTION FOR SUMMARY JUDGMENT. SEE EXHIBITS

TUCKER ALSO ATTACHED THESE DOCUMENTS TO HIS MOTION FOR SUMMARY JUDGMENT (ECF. NO. 123). THE GRIEVANCES AND THE MISCONDUCT REPORT AND HEARING REPORT. THESE DOCUMENTS WERE INDISPUTABLY PART OF THE RECORD AND RIPE FOR CONSIDERATION. SEE FED. R. CIV. P. 56(c)(3). EXHIBITS A-K.

DEFENDANT D. CONNOR, IS TRYING TO CIRCUMVENT THE LAW BY ARGUING A NEW RULE OF LAW THAT IS CONTRARY TO THE "PRECEDENT" OF THIS CIRCUIT. MADEN v.

4

_Shelen supra_, the R+R _erroneously_ relied upon "contested issues of facts that turn on credibility determination." The weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of the judge, whether he is ruling on a motion for summary judgment or for a directed verdict.

Plaintiff Tucker "_Affidavit_" attach to (ECF No. 123), precluded a showing that defendant D. Connor would have taken the same action if plaintiff Tucker had not engage in protected First Amendment conduct. _Maben v. Shelen supra_.

The R+R finding are "_erroneously_" in light of all the "_admissible evidence_" attach to (ECF No. 123 - plaintiff motion for summary judgment. Exhibits - 6-21, that demonstrate that defendant D. Connor, C/O Donald Mankee, and Sergeant Nicole Kautz, fail to carry out their job duty that are "_mandated_" in plaintiff exhibits 6-21, _and_ that defendant D. Connor, C/O Donald Mankee and Sgt. Nicole Kautz _never saw no residue in the cup_... and had

5

IF THAT WAS THE CASE, DEFENDANT D. CONNOR WOULD HAVE BEEN REQUIRE TO "SEIZE" ANY PHYSICAL EVIDENCE WHICH WAS INVOLVED IN THE MISCONDUCT. SEE (ECF NO. 123) EXHIBITS- 6-10, 12-14-21, A-D.

FURTHER MORE SERGEANT NICOLE KANTZ, WAS A DEFENDANT IN THIS CASE, AND WAS THE REVIEWING OFFICER ON THIS MISCONDUCT REPORT ON July/9, 2019. SEE EXHIBITS- B, C, D, 6-21, HEREIN.

AND THAT THE "SELF SERVING" CLAIMS OF THE ABOVE STAFF WAS FALSE. THERE WAS NO RESIDUE IN THE CUP. SEE EXHIBIT- A. HEREIN (ECF NO. 123). EXHIBIT-1.

OBJECTION NUMBER THREE TO THE RHR:

PLAINTIFF TUCKER OBJECTS TO THE RHR, ERRONEOUSLY CONSIDERATION OF INADMISSIBLE EVIDENCE (HEARSAY. FOR THE PURPOSE OF SUMMARY JUDGMENT ON THE FOLLOWING GROUNDS. "WHEN AN AFFIDAVIT IS SUBMITTED IN SUPPORT OR IN OPPOSITION TO A MOTION FOR

SUMMARY JUDGMENT, CONTAINS INADMISSIBLE PORTIONS OF THE AFFIDAVIT WAS NOT MADE ON PERSONAL KNOWLEDGE, AND SET OUT FACTS THAT WOULD BE ADMISSIBLE IN EVIDENCE AND SHOW THAT THE AFFIANT OR DECLARANT IS COMPETENT TO TESTIFY ON THE MATTER STATED. PURSUANT TO FED. R. CIV. P. 56 (4), (6)... DEFENDANT D. CONNOR, AFFIDAVIT

6

At (ECF No. 127-3, PageID. 983) at paragraph 15, is inadmissible hearsay evidence, because the grievance in question was never rejected as being "Frivolous" See Exhibit-A, (ECF No. 137, PageID 1092, R+R.) and (ECF No. 96 page 12-18.)

C/O ~~[redacted]~~ Mankee, affidavit (ECF No. 137 PageID 1091, paragraphs 8, 9. Is not based on personally knowledge and do not set out facts that would be admissible in evidence and show that the affiant C/O Mankee, is competent to testify on the matter stated.

1. C/O Mankee was not with defendant O. Connor, on 7-10-2019, at the time defendant A. Connor, gave plaintiff Tucker the cup of water at 20:45 hours. See Exhibit-B, and (ECF No. 1.) Pro se complaint. Also Exhibits F-G, H. I. J.

2. C/O Mankee, never witness defendant O. Connor dispen the "pill" medication and dissoluted it in water and then gave it to plaintiff Tucker, on 7-10-2019.

Exhibit-B, show that C/O Mankee was called down to plaintiff Tucker. cell after plaintiff was first gave the cup of water.

7

OBJECTION NUMBER FOUR TO THE R+R

PLAINTIFF TUCKER OBJECT TO THE R+R ON THE QUESTION OF THE COURT FACTUAL FINDING FOR THE RETALIATORY FALSE MISCONDUCT REPORT CLAIM. THE R+R PAGE ID.137. FOOTNOTE*2. (ECF No.137).

THE R+R. (ECF No.96.) SHOW THAT RETALIATION IS IMPLICIT IN THE TICKET. SEE EXHIBITS B-C, E, J. (ECF No.123-124).

## REQUESTED RELIEF

WHEREFORE PLAINTIFF TUCKER REQUEST RESPECTFULLY THAT THIS HONORABLE COURT OVERRULE THE R+R AND SET THIS MATTER FOR FURTHER PROCEEDINGS ON PLAINTIFF TUCKER RETALIATORY FALSE MISCONDUCT CLAIM OF RETALIATION.

RESPECTFULLY SUBMITTED
L.J.Tucker /32271/
L.T. TUCKER PRO-SE
BARAGA CORR FAC.
13924 WADAGA ROAD
BARAGA-MICH
49908-9204

DATED: 11-8-2021.

8

L.J. TUCKER #132271
BARAGA CORRECTIONAL FACILITY
13924 WADAGA RD
BARAGA-MICH 49908-92-4

OFFICE
UNITED S
330 F
202 W.
P.O
MA



OF THE CLERK
ATES DISTRICT COURT
EDERAL BLDG
WASHINGTON ST.
BOX 698
RQUETTE- MICH
49855