UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

L. T. TUCKER #132271,

    Plaintiff,

v

DAWN CONNOR, DONALD MANKEE, and NICOLE KAUTZ,

    Defendants.

NO. 2:19-cv-175

HON. PAUL L. MALONEY

MAG. MAARTEN VERMAAT

---

| | |
|---|---|
| L. T. Tucker #132271<br>*In Pro Per*<br>Baraga Correctional Facility<br>13924 Wadaga Road<br>Baraga, MI  49908-9204 | Jessica E. Pelto (P71052)<br>Assistant Attorney General<br>Attorney for MDOC Defendant<br>Michigan Dept of Attorney General<br>MDOC Division<br>P.O. Box 30217<br>Lansing, MI  48909<br>(517) 335-3055 |

/

### DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION

Pending before the Court is Defendant Dawn Connor's motion for summary judgment pursuant to Fed. R. Civ. P. 56(a). (ECF No. 126, PageID.946). The magistrate judge has issued a Report and Recommendation, finding that Plaintiff L.T. Tucker cannot prove that he engaged in protected conduct and recommending that Tucker's retaliation claim, therefore, be dismissed. (ECF No. 137, PageID.1094-1095). Tucker has objected to that recommendation. (ECF No. 138). For the reasons stated in her brief supporting her motion for summary judgment (ECF No. 127) and in this response to Tucker's objections, Defendant respectfully asks this Court to

overrule Tucker's objections, adopt the magistrate's Report and Recommendation, and grant Defendant Connor summary judgment pursuant to Fed. R. Civ. P. 56(a).

**Objection 1**

Tucker objects to the Report and Recommendation by claiming first that the Court has already determined that Tucker was engaged in protected conduct as a matter of law when he threatened to write a grievance on Connor. (Pl.'s Obj. to Rep. and Rec., ECF No. 138, PageID.1097). Tucker refers to the magistrate judge's Report and Recommendation regarding Defendant's previously-filed motion for summary judgment on the issue of exhaustion. (ECF No. 96, PageID.732-733). However, nowhere in that Report and Recommendation does the magistrate judge address the question of whether or not Tucker's threatened grievance (his allegedly protected conduct) was frivolous as a matter of law under Fed. R. Civ. P. 56(a). Instead, the issue decided there was whether or not Tucker had exhausted administrative remedies as to his claim that the misconduct ticket Connor wrote against Tucker was retaliatory. (*Id.* at PageID.733). Tucker did not fully exhaust any grievance claiming the misconduct ticket at issue was retaliatory. (*Id.* at PageID.729). But the point the magistrate judge was making is that Tucker did not have to file a grievance regarding the misconduct ticket because the grievance process was not the correct procedure to complain about an allegedly retaliatory misconduct ticket. Rather, the way to exhaust a claim that a misconduct ticket was retaliatory was through the misconduct hearing process, and Tucker had essentially done that. (*Id.* at PageID.733). Nowhere in the Report and Recommendation did the

2

Court address whether Tucker's *prior* grievance, the one he threatened Connor with on July 10, 2019, when he claimed she did not give him his medication before she wrote the misconduct ticket, was frivolous. As for that grievance, and the claim Tucker made that he was not given his medication, it was found to be unsubstantiated and unsupported. (*See* Def.'s Br. in Supp. of Mot. for Summ. J. re Exhaustion, ECF No. 25-3, PageID.215). Thus, there has been no determination, by this Court or through the prison grievance process, that Tucker's grievance had merit or was protected conduct as a matter of law.

Nowhere in his objection does Tucker address the magistrate judge's finding that Tucker's complaint was frivolous because there is no evidence that missing one scheduled dose of Gabapentin (which is what Tucker was complaining about) is harmful. (*See* Rep. and Rec., ECF No. 137, PageID.1085). Tucker also does not point to any evidence, other than his own unsupported allegation, showing that Connor failed to give him his medication on July 10, 2019. In addition to the findings regarding the lack of harm to Tucker over one missed dose of Gabapentin, the magistrate judge's recommendation is that Defendant Connor should be granted summary judgment because the evidence showing Tucker *was* given his medication as scheduled on July 10, 2019, far outweighs the evidence Tucker has provided showing he *was not*. (*Id.* at PageID.1094). The magistrate judge is correct. In her affidavit, Connor avers that she dissolved Tucker's medication in a cup of water. (Def.'s Br. in Supp. of Mot. For Summ. J., ECF No. 127-3, PageID.982). Donald Mankee avers that he saw the residue in the cup. (*Id.* at ECF No. 127-5,

3

PageID.990). The medication record shows that Tucker was given all scheduled doses of his medication that day. (*Id.* at ECF No. 127-4, PageID.987). Tucker himself fails to show that he suffered any harm after his allegedly missed dose. In the face of that evidence, Connor is entitled to judgment as a matter of law. *See Barnhart v. Pickrel, Schaeffer, and Eberling Co., LPA*, 12 F.3d 1382, 1389 (6th Cir. 1993).

Tucker also claims that the magistrate judge "checkmated" his retaliation claim by finding Tucker's grievance frivolous. Tucker is misapplying the checkmate doctrine, which is that a guilty finding at a misconduct hearing does not automatically preclude (checkmate) a prisoner's claim that the misconduct ticket was retaliatory. *Maben v. Thelen*, 887 F.3d 252, 261 (6th Cir. 2018). This doctrine applies to the third element of a retaliation claim – causation. *See id.* at 262. The magistrate judge is recommending summary judgment in Defendant's favor based on the first element, protected conduct. (Rep. and Rec., ECF No. 137, PageID.1085). Nowhere in the Report and Recommendation does the magistrate judge rely on a guilty finding during a misconduct hearing. Tucker is essentially arguing that his *not guilty* finding checkmates any claim that his grievance was frivolous. A prisoner has the right to show that a facially valid and upheld misconduct ticket was just a pretext for retaliatory animus. *Maben*, 887 F.3d at 263. Defendant likewise, has the right to show that a prisoner's grievance was frivolous under First Amendment analysis in a court of law, and a hearing officer's findings during a Class II misconduct hearing does not tie this Court's hands or conclusively establish an

4

issue of law. Defendant therefore respectfully requests the Court overrule Tucker's first objection.

**Objection 2**

Next, Tucker objects to the magistrate judge's finding that the Complaint Tucker filed in this case was unverified. (Pl's Obj. to Rep. and Rec., ECF No. 138, PageID.1099). The Report and Recommendation correctly points out that Tucker's Complaint was unverified. (ECF No. 137, PageID.1084). In his objection to the Report and Recommendation, Tucker references an affidavit he provided in support of his motion for summary judgment and takes issue with the magistrate's failure to address that affidavit. (*Id.*). Tucker's verification in that affidavit asserts that his statements contained therein are true "to the best of [his] knowledge, information, and belief." (Br. in Supp. of Pl.'s Mot. for Summ. J., ECF No. 124-1, PageID.869). That affidavit is insufficient for consideration under Fed. R. Civ. P. 56(c)(4), because Tucker does not clarify which parts of the affidavit are based on knowledge and which are based on belief. *See Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015). Tucker also cites several additional affidavits written by other prisoners, but each of those affidavits contain the same qualifying "information and belief" language. (Br. in Supp. of Pl.'s Mot. for Summ. J., ECF No. 124-9, PageID.895; ECF No. 124-10, PageID.896; ECF No. 124-11, PageID.897; ECF No. 124-12, PageID.899; ECF No. 124-13, PageID.901). Further, the most any of those affidavits claim is that Tucker accused Connor of giving him only a cup of water. None of them provide any evidence to support Tucker's accusation. In other words, regardless of what the

alleged witnesses say in their affidavits, none of them provide any evidence on the issue of whether Connor really did dissolve Tucker's medication in water or not. The only evidence upon which the Court can rely in determining Defendant's motion for summary judgment is that provided by Defendant, including her own affidavit and that of Donald Mankee, who both state that there was clear medication residue in Tucker's cup, as well as the medication administration record which shows that Tucker was given all three doses of his medication that day. Neither Tucker nor the other purported witnesses claim in their affidavits, verified or not, that Tucker suffered any harm or medical reaction after Connor gave him the cup of medication (that Tucker claims was just water). Thus, Tucker has provided no evidence upon which the Court can rely to show that he was denied medication or suffered any harm, and so his grievance was meritless and frivolous. Connor is entitled to summary judgment.

**Objection 3**

Tucker's next objection to the Report and Recommendation is that neither Connor's nor Mankee's affidavits are based on personal knowledge and thus should not have been relied upon by the magistrate judge. (Pl.'s Obj. to Rep. and Rec., ECF No. 138, PageID.1101-1102). Tucker is incorrect as to both. In her affidavit, Connor states that she knew that Tucker's threatened grievance, in which he claimed she did not give him his medication, was demonstrably false. She knew this because she was the one who dissolved the medication in the water, and she as well as other witnesses personally observed residue in the cup. (Def.'s Br. in Supp. of Mot. for

6

Summ. J., ECF No. 127-3, PageID.983). This was not hearsay. It was based on Connor's own personal observations and knowledge. Likewise, in his affidavit, Donald Mankee avers that he saw medication residue in the cup Connor had given to Tucker. (*Id.* at ECF No. 127-5, PageID.990). Mankee might not have watched Connor dissolve the medication before administering it, but that does not mean his personal observation of residue in the cup after it was administered cannot be relied upon as evidence. In short, Tucker's objection to any reliance on Connor's or Mankee's affidavits is misplaced. The magistrate judge was correct in considering them.

**Objection 4**

In his fourth objection, Tucker makes the same argument he did in his first objection – Tucker claims, essentially, that the Report and Recommendation regarding the issue of exhaustion (ECF No. 96) precludes anything but denial of Defendant's current motion for summary judgment. (Pl.'s Obj. to Rep. and Rec., ECF No. 138, ECF No. 1103). Again, the frivolousness of Tucker's grievance was never addressed by the parties or the Court when the question of exhaustion was being decided. Thus, there is nothing precluding the Court from deciding the issue now.

It is unclear whether or not Tucker is disagreeing with the magistrate judge's finding on the issue of causation as stated in footnote 2 of the Report and Recommendation. (ECF No. 137, PageID.1094-1095). In his fourth objection, Tucker does reference "Footnote 2" and ECF No. 137. (ECF No. 138, PageID.1103). Thus,

7

Tucker seems to take issue with the magistrate judge's finding that there is an issue of fact on the element of causation and on whether or not Connor is entitled to qualified immunity, which is what the footnote states. The magistrate is essentially agreeing with Tucker on those issues and recommending summary judgment not be granted on those grounds.

To the extent Tucker is objecting to the findings described in that footnote, Connor agrees with the objection. The magistrate judge did inaccurately cite Defendant's affidavit submitted in support of her motion for summary judgment. The footnote in the Report and Recommendation summarizes Defendant's affidavit as stating that Tucker was trying to harass and intimidate her. (*Id.*). Defendant does *believe* that is what Tucker was trying to do, but her affidavit makes it clear that it was *her belief*, and not Tucker's true internal intentions, that caused her to write the misconduct ticket. (ECF No. 127-3, PageID.983-984). In other words, Connor's motivation in writing the ticket was not to stop Tucker from addressing a legitimate concern through the grievance process. It was to maintain order and address what seemed to her to be a Level V prisoner's manipulation and intimidation. During the confrontation, Connor did not believe that Tucker was only trying to exercise his right to file a grievance. She believed Tucker was trying to harass and intimidate her, and his threat to file a grievance, that she knew was unfounded, felt more like intimidation and not an attempt by Tucker to settle a legitimate dispute. Connor acted based on that belief, and not out of a desire to punish Tucker for or prevent him from filing grievances. To the extent Tucker

8

objects to and disagrees with the magistrate judge's recommendation on that issue as expressed in footnote 2, Connor agrees with that objection.

Defendant respectfully requests this Court overrule Tucker's objections. The Court is not precluded from a finding that Tucker's grievance is frivolous, because that issue has not been argued by the parties or addressed by the Court until now. Tucker has provided no evidence (and does not object) to the magistrate judge's key finding that Tucker suffered no harm from allegedly missing one dose of medication. Tucker has not provided sufficient evidence, by way of affidavits or a verified complaint, to support his claims, while Defendant has provided several pieces of evidence to show that Tucker was given his medication as prescribed. Thus, Tucker's grievance was frivolous, unprotected conduct. Defendant therefore asks that this Court overrule Tucker's objections, grant summary judgment in Defendant's favor, and dismiss the remaining claim.

Respectfully submitted,

Dana Nessel
Attorney General
*/s/Jessica E. Pelto*
Jessica E. Pelto (P71052)
Assistant Attorney General
Attorney for MDOC Defendants
Michigan Dept of Attorney General
MDOC Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-3055
peltoj2@michigan.gov

Date:  November 24, 2021

## CERTIFICATE OF SERVICE

      I hereby certify that on November 24, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and I certify that my secretary, has mailed by U.S. Postal Service the papers to the following non-ECF participant(s):

L. T. Tucker #132271
Baraga Correctional Facility
13924 Wadaga Road
Baraga, MI  49908-9204

                                      */s/Jessica E. Pelto*
                                      Jessica E. Pelto (P71052)
                                      Assistant Attorney General
                                      Attorney for MDOC Defendants