UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

L. T. TUCKER,

    Plaintiff,

v.

D. CONNOR, et al.,

    Defendants.
_____/

Case No. 2:19-cv-175

Hon. Hala Y. Jarbou

## **ORDER**

On November 2, 2021, the magistrate judge issued a Report and Recommendation (R&R) recommending that the Court deny Plaintiff Tucker's motion for summary judgment (ECF No. 123), grant Defendant Connor's motion for summary judgment (ECF No. 126) and dismiss the case. (ECF No. 137.) Before the Court is Plaintiff's objection to the R&R (ECF No. 138).

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

At this point in the case, Plaintiff's remaining claim is one of retaliation against Defendant Connor for issuing a misconduct ticket after Plaintiff threatened to file a grievance. Plaintiff's grievance relates to his claim that Defendant failed to provide him with one dose of Gabapentin as prescribed for his diabetic peripheral neuropathy. The magistrate judge determined that Plaintiff did not engage in protected conduct as required to set forth a First Amendment retaliation claim because his threat to file a grievance was frivolous. The magistrate judge found that Plaintiff's threat to file a grievance was frivolous because Plaintiff's unverified complaint fails to allege any

harm resulting from the one missing dose of medication and Plaintiff has not presented any evidence that the missing dose was harmful to him. As such, the magistrate judge determined that the underlying issue itself was *de minimis*. Some cases in this Circuit seem to suggest that a prisoner's grievance is frivolous when the underlying complaint itself is *de minimis*. *Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018) (citing cases). In addition, the magistrate judge determined that the Defendant's motion for summary judgment should be granted because there is only a "thin issue of fact solely based on" Plaintiff's assertion that Defendant did not deliver his medication, and the evidence presented in this case is so one-sided that there exists no genuine issue of material fact to present to the jury. (R&R, PageID.1094.)

Among other objections, Plaintiff faults the R&R for failure to take the affidavit he filed in support of his motion for summary judgment into proper consideration and claims the magistrate judge erroneously weighed the evidence, which is a jury function. There is a factual dispute about whether Defendant Conner provided Plaintiff with his medication. On de novo review, the Court finds that the magistrate judge did not construe the facts in the light most favorable to the Plaintiff. The Court finds that Plaintiff's assertion in his affidavit that Defendant did not deliver Plaintiff's medication and only gave him water is enough to create a genuine issue of material fact to present to the jury.

Additionally, the Court is not persuaded that Plaintiff was required to show harm from missing a dose of medication in order to establish a retaliation claim. In *Maben*, the Sixth Circuit refused to say that a complaint about the adequacy of food, "one of the major requirements of life," is a frivolous or *de minimis* grievance. *Maben*, 887 F.3d at 265. Just as a corrections facility is required to provide food, it is also required to provide prescribed medication. The Court is not

2

convinced that a threat to file a grievance for missing medication is frivolous; unless it is clear that Plaintiff had no basis for filing such a grievance.

Defendant's alternative arguments for summary judgment involve qualified immunity and her motive for issuing the misconduct ticket. The Court agrees with the R&R that there is a question of fact on those issues. (R&R, PageID.1094 n.2.) Defendant objects to the magistrate judge's determination to the question of fact on her motive in her response to Plaintiff's objection, but the Court agrees with the R&R. Defendant argues that "it was her *belief*" that Plaintiff was trying to harass and intimidate her when threatening to file a grievance and not a desire to punish Plaintiff that motivated her to issue the misconduct ticket. (Def.'s Resp. to Pl.'s Obj. to R&R, ECF 140, PageID.1216.) Nevertheless, there remains a question of fact on Defendant's motive for issuing the misconduct ticket. Therefore, the Court will deny Defendant's motion.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 137) is **ADOPTED IN PART** and **REJECTED IN PART**. The R&R is adopted insofar as it recommends denying Plaintiff's motion for summary judgment and rejected insofar as it recommends granting Defendant's motion for summary judgment.

**IT IS FURTHER ORDERED** that Plaintiff's objection (ECF No. 138) to the disposition in the R&R is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (ECF No. 123) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Conner's motion for summary judgment (ECF No. 126) is **DENIED**.

Date: December 17, 2021 /s/ Hala Y. Jarbou
HALA Y. JARBOU
UNITED STATES DISTRICT JUDGE

4